■ CLAIRE MILLARD, Respondent, v. MARK J. MILLARD, Appellant.— Order, Supreme Court, New York County, entered April 5, 1974, which denied the motion of the defendant-appellant former husband to remove a Family Court proceeding to the Supreme Court and consolidate it with the pending plenary action, pursuant to CPLR 602 (subds. [a], [b]), unanimously reversed, on the law and the facts, without costs and without disbursements, the motion granted, and the Family Court proceeding transferred to the Supreme Court and consolidated with the pending plenary action. The parties who were married in December, 1937, entered into a settlement and separation agreement in 1962, followed by a bilateral Mexican decree of divorce, which incorporated but did not merge the separation agreement. The defendant was and is a partner in a well-known investment banking firm, and the agreement provided for payment to the plaintiff for her support of a percentage of "Adjusted Taxable Income". Commencing in or about 1971, a dispute arose as to whether there was sufficient such income for the payments to be made. The husband claimed that the condition of the economy and of the financial sector explained the alleged lack of taxable income. The plaintiff-respondent wife in 1972 brought a Supreme Court action, and this year, in addition, commenced a proceeding in the Family Court, seeking enforcement and modification of the Mexican decree of divorce, pursuant to section 466 (subd. [c], par. [ii]) of the Family Court Act, predicated upon the defendant's cessation of support. The latter action was taken upon receipt of a notification from the defendant's accountants that no alimony would be due. The defendant moved to transfer the Family Court proceeding to the Supreme Court and to consolidate it. The motion for consolidation was denied because, although pending since 1972, the Supreme Court action had been instituted by service of a summons without complaint, and their still was no filed complaint, and identity of issues could thus not be established. However, the Supreme Court would have jurisdiction over whatever issues are raised. (*Kagen v. Kagen*, 21 N Y 2d 532.) Common questions of law and fact are clearly involved. Concur — Markewich, J. P., Kupferman, Lupiano, Tilzer and Lane, JJ.

■ MARY LO CHIN, Appellant, v. SHUE KING CHIN, Also Known as CHIN SHUE KING, et al., Respondents.— Resettled order entered in the Supreme Court, New York County, entered on April 24, 1973, resettling an order entered on April 10, 1973, dismissing the action for failure to prosecute, and vacating a prior order granting temporary alimony and vacating another prior order of defendant's arrest and canceling a bond posted by defendant to obtain his release and directing that defendant's counterclaim be set down for inquest, unanimously modified, on the law and the facts and in the exercise of discretion, without costs and without disbursements, so as to direct a trial as to the counterclaim and reply, and otherwise the order is affirmed. We feel that the court below properly dismissed the complaint and properly granted defendant related relief for plaintiff's failure to diligently prosecute her action. The defendant, in his answer, asserted a counterclaim seeking to impress a trust on plaintiff's real and personal property. Plaintiff timely served a reply to the counterclaim consisting of a general denial and affirmative defenses. Thus the counterclaim and reply became pleadings, in effect, independent and separate of the matrimonial action. The burden to diligently prosecute the counterclaim is upon the defendant. Plaintiff should be entitled to defend against the counterclaim. Her failure to diligently prosecute her claims should not bar her from defending her husband's claims against her. Concur — Nunez, J. P., Kupferman, Murphy, Tilzer and Lynch, JJ.