■ PHILIP SCHWARTZ, Respondent, v ALLENDALE GARMENT CO., INC., et al., Defendants, and KAYSER-ROTH CORP. et al., Appellants.—Order, Supreme Court, New York County, entered September 23, 1977, granting, *inter alia,* plaintiff's motion to vacate his default, unanimously modified, on the law and on the facts and in the exercise of discretion, without costs or disbursements, to the extent of denying the motion to vacate the dismissal of the complaint and severing the counterclaims and, except, as thus modified, affirmed. The evidence sufficiently demonstrates that plaintiff abandoned his causes of action. The political upheaval in the summer of 1974 in Portugal where plaintiff then resided and conducted a business, as well as his house arrest for five days in July of 1974, are insufficient justification for plaintiff's default. At that juncture there had been virtually no activity on his part in this lawsuit for over six years. His departure in January of 1975 for Taiwan, knowing that his counsel had been granted leave to withdraw, evinces complete neglect of this lawsuit. Accordingly, Special Term correctly dismissed the complaint, *sua sponte.* On the other hand, it is clear that plaintiff never received the note of issue served in January of 1975. While the circumstances relied upon by Special Term to vacate the dismissal of the complaint are insufficient, they are nevertheless persuasive on the issue of justification of plaintiff's default in defending against the counterclaims. Plaintiff did interpose a timely reply to the counterclaims and he should be afforded the opportunity to defend against them. The failure to prosecute diligently his own claims should not be a bar to a defense against the

counterclaims. (See *Chin v Chin,* 44 AD2d 812.) Concur—Fein, J. P., Lane, Sandler and Sullivan, JJ.