Thomas J. O’Donnell, J.
The petitioner hy order to show cause seeks an order under article 78 of the CPLR:
1. Directing the respondent Commissioner of Public Works, Baxter, to reinstate the petitioner to her permanent position *770 of account clerk-typist at a salary of $4,065 per annum with back pay extending from January 15, 1964, up until the date of reinstatement. .
2. An order compelling the respondent Civil Service Commission to change its official records to show permanent employment from November 9,1963, up until the date the court should order petitioner’s reinstatement and more specifically to delete from its records the word reinstatement. .
3. To direct the respondent Baxter, if grounds exist for same, that he serve a copy of charges of neglect or misconduct upon the petitioner herein and grant to her a hearing.
The facts are for the most part not in dispute. Petitioner was employed by the City of Buffalo for about four and one-half years, and in other public employment for 17 years prior thereto. At the time of the incident complained of, she was an account clerk-typist in the Division of Engineering at $4,065 per year.
On November. 7, 1963 someone acting for petitioner called her -superior and notified him petitioner was sick. Petitioner had two days’ accumulated sick time and was carried on the payroll for November 7 and November 8, 1963.
According to an exhibit of petitioner, Dr. Joseph V. Carr notified petitioner’s superior by letter dated- December 3, 1963 that petitioner had been under his - care since November 7, 1963 for thrombo-phlebitis and was unable to work. Another exhibit reveals that petitioner was in the hospital for phlebitis from December 15,1963-to January 4,1964.
On December 3, 1963, the date of Dr. Carr’s letter, the Commissioner of Public "Works notified the Civil Service Commission that petitioner had reported sick on November. 7,. 1963, had used her accumulated sick time and had.been absent to that date without pay. He also stated her previous work record was sporadic- and erratic, and she failed to account satisfactorily for her absences. -He concluded that based on these facts and in accordance with subvdivision 5 of rule 19 of the Buies for the. Classified Civil Service of the City of Buffalo, petitioner by her absence is deemed to have resigned.
On December 5, 1963, the Civil Service Commission notified the Commissioner of Public Works that at a meeting of the Civil Service Commission December 4,-1963, petitioner’s records were marked to indicate resignation from her position effective November 9, 1963, the date of commencement of unauthorized absence. This action was taken under subdivision 5 of rule 19 of the-said rules.
. Petitioner claims that - the first notice she received of the city’s action was on December 27,1963 in a letter from Allan P. *771 Fulton, City Engineer. On December 27, 1963 petitioner was confined to the hospital and-alleges she was physically unable to perform her duties until January 15, 1964. This proceeding was commenced on April 21,1964.
The respondents urge that this proceeding was not brought-within the four-month Statute of Limitations governing mandamus actions. Their argument is based upon the fact that the Civil Service Commission on December 4, 1963 marked their records to indicate petitioner’s resignation effective November 9,1963.
It is the holding of this court that this proceeding was brought within the four-month period. In Matter of Abramson v. Commissioner of Educ. (1 A D 2d 366, 371) Judge Hauperu stated: “ The four-month period could not run against any person affected by the order until he had notice that an order affecting him had been issued.” This ruling was upheld in the recent case of Matter of Galuppi v. New York State Liq. Auth. (12 A D 2d 987). Since petitioner was not notified of respondent’s action until December 27, 1963, this proceeding begun on April 21, 1964 was brought within the four-month period allowed to petitioner.
Respondent’s action was based on rule 19 of the Rules for the Classified Civil Service of the City of Buffalo which reads in part: “Rule 19, subd. 5 — Any employee who, during his probationary term or after such probationary term has been completed, is absent from his position without official leave for a period of fifteen days or more, may, at the discretion of the appointing officer, be deemed to have resigned as of the date of commencement of such absence. Upon application to the appointing officer within the probationary period and upon presentation of a satisfactory excuse for- his absence, a probationer may, subject to the approval of the Commission, be reinstated and restored to active duty. When any such probationer is reinstated by the appointing officer, his probationary term shall be extended by a period equal to the number of days absent without leave.”
The italicized part of ride 19, which consists of six subdivisions is the only part of such rule which does not deal with probationary civil service employees. That such a rule does not conflict with section 75 of the Civil Service Law requiring a hearing on charges before a civil service employee may be dismissed, was upheld by the Appellate Division, Third Department,, in Matter of Dunn v. Simon (16 A D 2d 719) where petitioner who had been absent from work for more than two months was held to have resigned although he had given an *772 explanatory notice to a staff employee at the beginning of his absence.
The words 11 or after such probationary period is completed ” in subdivision 5 of rule 19 are completely at variance with every other part of the rule. These words obviously make the rule apply to a person with full civil service status. However, no other part of the entire rule which covers two printed pages has any application to anyone other than a probationary employee.
In addition, the balance of subdivision 5 is wholly concerned with probationers. It gives no redress to a full civil service employee who under its provisions is deemed to have resigned, but it does make provision for reinstatement of probationers against whom it has been invoked. The probationer may, upon presentation of a satisfactory excuse for his absence, be returned to work. The man with full civil service rights has no such privilege, his resignation by his absence completely severed all his ties. It is an extremely odd rule and a very unfair rule which gives the probationer greater rights than it extends to the veteran employee. The court believes that in making Rules for the Classified Civil Service of the City of Buffalo, the authors of the rules had no intention of giving such advantage to the probationer.
The Commissioner of Public Works evidently had doubts about the applicability of rule 19 to full civil service employees. In the Commissioner’s letter of December 3, 1963 to the Civil Service Commission, after reporting petitioner’s absence, he added “ her previous work record was sporadic and erratic, and she failed to account satisfactorily for her absences.” These words, of course, had no meaning if rule 19 applied to petitioner, and could only have meaning if charges were to be placed against petitioner under section 75 of the Civil Service Law. This letter of December 3, 1963 concluded that, based on these facts and in accordance with subdivision 5 of rule 19, the petitioner by her absence is deemed to have resigned. There can be no doubt that petitioner’s sporadic and erratic work record and her failure to account satisfactorily for her absences were not factors to be considered in determining whether rule 19 had any application to petitioner’s case.
The respondents also contend that there is no position to which petitioner can be restored since she has been replaced by a civil service employee and that no vacancy exists. There can be no doubt that if the Commissioner’s finding that petitioner had resigned was improper, then the Commissioner had no right to appoint someone in her place.
*773 Beading rule 19 as a whole and particularly subdivision 5, it is the finding of the court that subdivision 5 has no application to civil service employees other than probationers. Petitioner gave such notice and explanation of her absence as it was possible to give under her circumstances. The reason for her absence was a proper reason, viz. her illness and hospitalization.
It is the finding of the court that petitioner should be returned to her position of account clerk-typist. The papers filed in this proceeding do not definitely indicate when petitioner was physically fit to return to work although the date of January 15,1964 is given. The Commissioner of Public Works is directed to hold a hearing at which the petitioner must present medical proof as to when she was able to return to her position. The Commissioner’s findings shall be determinative of the date she is to be restored as an employee, and petitioner is entitled to her salary as of such date.