JAMES WATTS et al., Appellants, v. MARION C. KATHER, Respondent. — Judgment insofar as appealed from unanimously reversed on the law and facts and a new trial granted, with costs to appellants to abide the event. Memorandum: The failure of the jury to award damages for personal injuries sustained by the plaintiff Hilda Watts was inconsistent with its award to her husband for the alleged medical expenses he incurred for her. (Appeal by plaintiffs from certain parts of a judgment of Erie Trial Term in favor of plaintiffs in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

In the Matter of FRANCES M. CORNWALL, Respondent, v. EDWARD D. BAXTER, as Commissioner of Public Works of the City of Buffalo, et al., Appellants.— Order unanimously modified in accordance with the memorandum and as modified affirmed, with costs to the petitioner-respondent, and matter remitted to the Special Term for further proceedings, in accordance with the memorandum. Memorandum: Section 77 of the Civil Service Law provides that when an employee is restored to his position by order of the Supreme Court he is also entitled to an order by that court determining the amount of back pay to which he is entitled. Accordingly, the matter is remitted to Special Term for a hearing at which petitioner must present medical proof as to when she was able to return to her position, unless the parties can agree upon the return date without a hearing. (Appeal from order of Erie Special Term restoring petitioner to her position as clerk-typist.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

JUDITH A. BARANOWSKI, Respondent, v. JAMES LUCIANO, Appellant. — Order unanimously reversed and a new trial granted. Memorandum: The determination of the Trial Judge was contrary to the weight of the evidence. Further, in this filiation proceeding the testimony, construed most favorably to the complainant, discloses that the period of gestation falls short of the generally accepted 280 days. One version of the complainant's testimony would make the period of gestation far short of 280 days. Nevertheless, there was no medical testimony to support either computation, and without it we cannot properly pass upon the question of paternity. (Schatkin, Disputed Paternity Proceedings [3d ed.], pp. 519, 520, 523.) (Appeal from order of Monroe Family Court, adjudging respondent to be the father of a child born out of wedlock and directing payment of support, expenses and counsel fees.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.