◼ In the Matter of BETH HAMMER, Appellant, v SUFFOLK COUNTY DEPARTMENT OF LABOR, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination, dated January 15, 1974 and made after a hearing, (1) that petitioner was guilty of insubordination and (2) suspending her for nine days without pay, in which respondent cross-moved to dismiss the petition on the ground of Statute of Limitations, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated September 10, 1974, which granted the cross motion. Judgment reversed, on the law, without costs, cross motion denied, and proceeding remanded to Special Term for a determination on the merits. No fact questions were presented on this appeal. Petitioner, when she appeared in the disciplinary proceeding before respondent, was represented by counsel. Respondent should have notified said counsel of its determination at the same time petitioner was notified, instead of some 40 days later. This proceeding, which was commenced within four months of the date notification was given to petitioner's attorney, was, therefore, timely (cf. CPLR 217, 7804, subd [g]). Rabin, Acting P. J., Latham, Margett and Christ, JJ., concur; Shapiro, J., dissents and votes to affirm, with the following memorandum: It is unnecessary to decide whether this proceeding was timely commenced by petitioner since, in any event, based upon the entire record which is before us, the finding that petitioner was insubordinate is supported by substantial evidence; her suspension for nine days, with consequent loss of salary for that period, was not an abuse of discretion.