■ In the Matter of ANTHONY N. BIANCA, Appellant, v LOUIS J. FRANK, as Commissioner of Police of Nassau County, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of Police of Nassau County, dated February 27, 1975 and made after a hearing, which, upon finding petitioner guilty of certain misconduct, dismissed him from his position with the Nassau County Police Department, petitioner appeals from (1) an order of the Supreme Court, Nassau County, dated February 10, 1976, which (a) granted respondents' motion to reargue a prior order of the same court, dated September 30, 1975, which denied respondents' cross motion to dismiss the proceeding, and (b) upon reargument, vacated the prior order and granted the said cross motion on the ground that the proceeding was time-barred pursuant to the provisions of subdivision d of section 8-13.0 of the Nassau County Administrative Code (L 1939, chs 272, 701-709, as amd) and (2) a further order of the same court, dated May 5, 1976, which denied

his motion for reargument. Appeal from the order dated May 5, 1976 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated February 10, 1976 modified by deleting therefrom the provisions which (1) vacated and recalled the order dated September 30, 1975 and (2) granted the cross motion to dismiss the proceeding and substituting therefor a provision that, upon reargument, the original determination is adhered to on the authority of *Matter of Hammer v Suffolk County Dept. of Labor* (51 AD2d 549). As so modified, order affirmed, without costs or disbursements. Petitioner has been a patrolman with the respondent Nassau County Police Department since 1958. On January 28, 1975 he was charged with multiple violations of the rules and regulations of the Nassau County Police Department. On February 8, 1975 petitioner, accompanied by counsel, attended a disciplinary hearing before a hearing officer. On February 27, 1975 petitioner was served with an order of dismissal from the Nassau County Police Department. It is conceded that petitioner's counsel was never served with the order dismissing petitioner from the police force. Thereafter, on June 3, 1975, a petition pursuant to CPLR article 78 was served upon the respondents seeking, *inter alia,* to review the determination dismissing petitioner from the police force. Respondents cross-moved to dismiss the proceeding as being time-barred under subdivision d of section 8-13.0 of the Nassau County Administrative Code (L 1939, ch 272, as amd by L 1948, ch 436, § 1), which provides: "A petition to review a determination by the commissioner to fine, suspend, dismiss or otherwise discipline a member of the police force shall not be granted after the expiration of thirty days from the service of a notice of such determination upon the member of the force so fined, suspended, dismissed or otherwise disciplined." Pursuant to an order dated September 30, 1975, the Special Term, citing *Matter of Proverb v Niesley* (32 AD2d 657, affd 26 NY2d 875), denied the cross motion. Thereafter, respondents moved for reargument. The Special Term, by the order appealed from dated February 10, 1976, (1) granted reargument and (2) upon reargument, vacated the prior order dated September 30, 1975 and granted respondents' cross motion to dismiss, citing *Matter of Mastrosimone v Frank* (51 AD2d 727) and *Matter of Griffiths v Frank* (51 AD2d 725). Both cases were decided on February 2, 1976. In our view the Special Term erred in granting respondents' cross motion to dismiss the proceeding as time-barred. Instead, the cross motion should have been denied pursuant to our decision in *Matter of Hammer v Suffolk County Dept. of Labor* (51 AD2d 549, *supra),* which was decided on January 19, 1976. It is true that in *Mastrosimone (supra)* and *Griffiths (supra),* we held that, by virtue of subdivision d of section 8-13.0 of the Nassau County Administrative Code, proceedings pursuant to CPLR article 78 to review disciplinary actions against Nassau County policemen "must be commenced within 30 days of the service upon the petitioner of the determination sought to be reviewed" *(Matter of Mastrosimone v Frank,* 51 AD2d 727, *supra).* Since the latter requirement was not met in either the *Mastrosimone* or *Griffiths* case, we dismissed both proceedings as time-barred. Moreover, in both cases, this court reviewed the record and the substantive issues raised by the petitioners therein and held that were those issues properly before us, we would deny the relief sought, confirm the determination under review and dismiss the petition on the merits. The record and substantive issues raised by petitioner herein are not before the court in the case at bar. Moreover, it must be noted that the petitioners in *Mastrosimone* and *Griffiths* never argued or indicated that the attorneys who represented them during their disciplinary proceedings had not been served with the

orders dismissing them from the police force, or that the attorneys had been served subsequent to the notification served upon the petitioners. This latter contention, however, is raised by petitioner at bar and petitioner further contends that, pursuant to *Matter of Hammer v Suffolk County Dept. of Labor (supra)*, respondents' cross motion to dismiss the proceeding herein on the ground that it is time-barred must be denied. We agree with petitioner's contention on this point. The petitioner in *Hammer*, a clerk-typist employed by the Suffolk County Department of Labor, was dismissed from her position for insubordination after a hearing at which she was represented by counsel. A copy of the commissioner's determination was sent by certified mail to the petitioner and was received by her on January 16, 1974. Petitioner instituted a CPLR article 78 proceeding to review the commissioner's determination on June 26, 1974, more than four months later. Respondent in *Hammer* cross-moved to dismiss the petition on the ground that it was time-barred under CPLR 217 which provides, in pertinent part, that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". In opposition to that cross motion, Hammer's attorney alleged that while his client had been notified of the commissioner's determination on January 16, 1974, he, the attorney, had not been notified of the commissioner's determination until February 26, 1974, and that the proceeding was timely commenced within four months of that latter date. The Special Term granted respondent's cross motion to dismiss and rejected petitioner's argument, stating: "Counsel's argument that this period runs from the date on which he received notice is without merit in this case, inasmuch as it has been shown that petitioner received actual notice on January 16, 1974." This court reversed the Special Term in *Hammer* and denied the cross motion to dismiss, stating (51 AD2d 549, *supra*): "Petitioner, when she appeared in the disciplinary proceeding before respondent, was represented by counsel. Respondent should have notified said counsel of its determination at the same time petitioner was notified, instead of some 40 days later. This proceeding, which was commenced within four months of the date notification was given to petitioner's attorney, was, therefore, timely". Since petitioner herein was represented by counsel at his disciplinary proceeding and counsel never received notification of the determination, it is clear, under the authority of *Hammer*, that the 30-day period of limitation contained in subdivision d of section 8-13.0 never began to run. Respondents argue that *Hammer* is distinguishable from the case at bar in that there was no comparable provision in the Suffolk County Administrative Code specifying the person to be served with the commissioner's determination. We disagree. It has been held that the four-month Statute of Limitations contained in CPLR 217, which was applicable in *Hammer*, also begins to run when petitioner actually receives notice of the final and binding determination of the administrative body *(Matter of Cornwall v Baxter*, 46 Misc 2d 769, mod 23 AD2d 815). Nevertheless, in *Hammer* we held that, when a petitioner was represented by counsel before the administrative agency, the four-month period of limitation commenced to run from the time the attorney was given notice regardless of the fact that petitioner received notice prior thereto. Consequently, respondents' cross motion to dismiss the proceeding herein as time-barred should have been denied under the authority of *Hammer*. In reaching this determination, we note that it is based solely upon the ruling in *Hammer* and is in no way based upon our decision in *Matter of Proverb v Niesley* (32 AD2d 657, affd 26 NY2d 875, *supra)*. The *Proverb* case is totally inapposite to the case

at bar. While it is true that this court, in *Proverb,* construed the applicability of subdivision d of section 8-13.0 of the Nassau County Administrative Code, such construction was without regard to the 30-day period of limitation contained therein. In *Proverb* the petitioner sought to have the Nassau County Civil Service Commission review disciplinary action taken against him. The Civil Service Commission contended that the use of the word "petition" in the Nassau County Administrative Code limited the petitioner to judicial review only by way of a CPLR article 78 proceeding. This court disagreed with the Civil Service Commission's argument and stated: "Petitioner had the right to elect to appeal to respondents (Civil Service Law, §§ 76, 2). The reference in subdivision d of section 8-13.0 of the Nassau County Administrative Code * * * to 'A petition to review a determination' does not constitute a limitation to a proceeding under article 78 of the CPLR." [32 AD2d 657, *supra.]* In sum, respondents' cross motion to dismiss the proceeding herein as time-barred must be denied under the authority of *Matter of Hammer v Suffolk County Dept. of Labor* (51 AD2d 549, *supra).* We have reviewed the remaining arguments raised by petitioner on this appeal and find them to be without merit. Hopkins, Acting P. J., Martuscello, Damiani and Suozzi, JJ., concur.