■ VIVIAN A. BUCHOLTZ, Respondent, v. MYRON R. BUCHOLTZ, Appellant. — In an action for divorce, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County, entered August 8, 1973, as, on defendant's motion, (1) fixed his obligation to pay temporary alimony and child support at $275 per week and (2) denied his request for a trial preference. Order modified by reducing the award for temporary alimony and child support to $150 per week as of the date of the order under review and granting a trial preference pursuant to section 249 of the Domestic Relations Law. The case shall be placed at the head of the Supreme Court Day Calendar forthwith and the parties are directed to proceed to trial forthwith. As so modified, order affirmed insofar as appealed from, without costs. After the parties separated, defendant voluntarily paid $150 per week for the

support of plaintiff and their two infant children. Later, the payments were reduced to $130 per week. Plaintiff accepted these payments without protest for approximately four months, that is, until she opposed the motion under review. Although represented by counsel during that time, plaintiff did not seek an award of temporary alimony and child support. Apparently, these payments satisfied her needs and those of her children. Defendant's purpose in seeking to fix his alimony liability, in the motion under review, was to obtain the benefits of a Federal income tax deduction (U. S. Code, tit. 26, §§ 215, 71). Plaintiff opposed all aspects of defendant's motion, except for his request for a trial preference, and asked for $400 per week for temporary alimony and child support. We are of the opinion that plaintiff should not be permitted to obtain an award of temporary alimony and child support in excess of the amount she previously had accepted from defendant without protest. This determination, however, is not binding on the trial court with respect to its consideration of an award of permanent alimony and child support. At the trial, plaintiff may offer proof that her needs and those of her children are in reality greater than defendant's voluntary payments. We simply hold that this issue cannot be decided on the affidavits submitted by the parties at Special Term. In our opinion, justice requires a speedy resolution of the marital and financial issues raised by the parties and, accordingly, a trial preference should have been granted (Domestic Relations Law, § 249) and the case should proceed to trial during the December, 1973 Term of the Supreme Court, Rockland County. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.