■ In the Matter of RAYMOND C. GRIFFITHS, Petitioner, v LOUIS J. FRANK, as Commissioner of the Police Department of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated May 8, 1975, which, after a hearing, dismissed the petitioner from his position in the Nassau County Police Department. Petition dismissed, without costs or disbursements (see *Matter of Mastrosimone v Frank,* 51 AD2d 727). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.

■ In the Matter of GWEN (BUCHBINDER) FISCHMAN, Also Known as GWEN BUCHBINDER, Respondent-Appellant, v HARLOW K. FISCHMAN, Appellant-Respondent.—In a support proceeding, (1) appellant appeals from an order of the Family Court, Kings County, dated September 12, 1975 (to be effective as of May 31, 1975), which directed him to pay the sum of $180 biweekly for the support of his wife and the sum of $200 biweekly for the support of two minor children, said payments to commence on July 3, 1975, and (2) petitioner appeals, as limited by her notice of appeal and brief, from so much of a separate order of the same court, and of the same date, as denied, as premature, her application for counsel fees in opposing the instant appeal by her husband. Orders affirmed insofar as appealed from, without costs or disbursements. We find no merit in appellant's contention that the order which he has appealed from is invalid for want of jurisdiction of the Family Court by reason of the Supreme Court action for divorce now pending. That action was commenced by him *subsequent to* the commencement of the Family Court proceeding initiated by the petitioner, a fact which brings this without the strictures of subdivision (b) of section 464 of the Family Court Act. Moreover, we do not find an abuse of discretion in the award of temporary alimony and child support. However, we note that the best resolution of the marital and financial issues raised by the parties would be a speedy plenary trial (see, e.g., *Bucholtz v Bucholtz,* 43 AD2d 695). The Family Court properly found that the application for counsel fees was premature. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.

■ In the Matter of HARTFORD ACCIDENT AND INDEMNITY Co., Appellant, v EDNA SCHAFFER, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Suffolk County, dated May 1, 1975, which, *inter alia,* denied the application. Order affirmed, with $50 costs and disbursements. Under the circumstances presented, Special Term properly found that respondent gave reasonable and proper notice of the uninsured motorist claim. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.

■ In the Matter of the Estate of EMANUEL HERBSTMAN, Deceased. MILDRED HERBSTMAN, Respondent; SHIRLEY SHEINBERG et al., Appellants.— In a proceeding to determine the validity of petitioner's exercise of her right of election, the appeal is from a decree of the Surrogate's Court, Kings County, dated April 17, 1975, which, *inter alia,* held (1) that petitioner had not waived her right of election and (2) that she is entitled to one half of the net estate. Decree affirmed, with costs payable out of the estate, on the opinion of Acting Surrogate Ventiera. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.