■ JACQUELINE OSTER, Respondent, v IRWIN OSTER, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Westchester County, dated July 31, 1975, which, after a hearing, *inter alia,* directed the entry of a money judgment for arrears. Order affirmed, with costs. Appellant, who was subject to the Family Court's jurisdiction at the commencement of the support proceeding, did not escape such jurisdiction by moving to another State. Here, unlike the situation in *Wasserman v Wasserman* (43 AD2d 951), the Family Court had personal jurisdiction over appellant at the time he was served with notice of the present motion. Personal service within the State was therefore not a jurisdictional necessity and the personal service upon him in Connecticut did not exceed the Family Court's authority under

section 154 of the Family Court Act. The record indicates that the Family Court did not abuse its discretion in denying appellant's request for an adjournment; it properly denied his request to testify as to matters decided at a previous hearing, but allowed appellant to present his case relating to the issues then before the court. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.