■ ADOLFINA MONTES, Respondent, v JOHN MONTES, Appellant.—Order, Family Court, New York County, dated August 1, 1975, granting temporary order of support is unanimously reversed, on the law, without costs and without disbursements, and said order is vacated and petition for support dismissed, without prejudice to an appropriate application by petitioner wife in the Supreme Court, Bronx County. After the filing by the wife of the petition for support in the Family Court, the husband instituted an action for a divorce in the Supreme Court, Bronx County. Thereafter, on July 29, 1975, the wife instituted an action for a divorce in the Supreme Court, New York County. On August 1, 1975, the matter came on in the

Family Court and the court then made the order for temporary support which is the subject of this appeal. The Family Court was without power to make such an order during the pendency of the matrimonial action in the Supreme Court unless either the Supreme Court referred the matter to the Family Court or there was a showing that the wife was "likely to become in need of public assistance or care." (Family Ct Act, § 464, subd [b]; *Costa v Costa,* 247 App Div 192; *Matter of Lopez v Lopez,* 63 Misc 2d 252.) Neither of those circumstances was shown. Furthermore, the Family Court took no sworn evidence, either by live testimony or affidavit, before making the order for temporary support. (See *Schaschlo v Taishoff,* 2 NY2d 408, 412; *Epstein v Corbelli,* 18 AD2d 633; *Matter of Anonymous v Anonymous,* 44 Misc 2d 721, 725.) Nor, indeed, did the Family Court make any real inquiry as to whether "the petitioner's needs are so urgent as to require it", the necessary predicate for a temporary order for support. (Family Ct Act, § 434.) We have been informed that all the actions have been consolidated into the action in the Supreme Court, Bronx County. Concur—Stevens, P. J., Markewich, Lupiano, Silverman and Lynch, JJ.