■ In the Matter of JANE S. DENZER, Respondent, v LARRY DENZER, Appellant.—In a support proceeding, the husband appeals from (1) an order of the Family Court, Westchester County, dated June 14, 1976, which, *inter alia,* directed him to pay petitioner $40 per week and awarded her a counsel fee and (2) a further order of the same court, dated October 21, 1976, which, *inter alia,* denied his motion to vacate the order dated June 14, 1976. Orders affirmed, without costs or disbursements. The Family Court did not lose jurisdiction by reason of the subsequent action for matrimonial relief brought in the Supreme Court. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ In the Matter of HERBERT F., an Alleged Neglected Child, Appellant, v SHEW F. et al., Respondents.—In a proceeding pursuant to article 10 of the Family Court Act to declare appellant a neglected child, the appeal is from an order of the Family Court, Queens County, dated March 23, 1976, which, after a hearing, dismissed the petition. Order reversed, on the law, without costs or disbursements, and proceeding remanded to the Family Court for a new fact-finding hearing. The Family Court's curtailment of examination and cross-examination of witnesses constituted a denial of due process and a violation of section 1011 of the Family Court Act. The Family Court was incorrect in its statement of its function as the trier of the facts. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ In the Matter of MICHAEL K., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County, dated November 7, 1975, which, upon a determination made after a fact-finding hearing that appellant had committed acts which, if done by an adult, would constitute a crime, placed him on probation for a period of 12 months. Order affirmed, without costs or disbursements. Rape, like most other crimes, can be proved solely by circumstantial evidence. The applicable standard is that "the facts proved must all be consistent with guilt and inconsistent with innocence and exclude 'to a moral certainty' every reasonable hypothesis but guilt" *(People v Borrero,* 26 NY2d 430, 434–435). In this case, the only reasonable hypothesis supported by the evidence is that appellant committed acts which, if done by an adult, would constitute the crime of rape. The existence of abstract hypotheticals, unsupported by the record, will not preclude a determination of guilt beyond a reasonable doubt. Appellant was with the victim at the approximate time of the rape. The only other person present at that time was a boarder, who was drunk and asleep. It is medically certain that the injuries were not self-induced. The only reasonable explanation is that appellant committed the assault. The record is void of any evidence which could indicate that the injuries were caused by an extrinsic instrument. Again, the only remaining reasonable conclusion is that the injuries were sustained as a result of sexual intercourse. When combined with the other particulars of this case, these factors support the determination of guilt and exclude to a moral certainty all hypotheses inconsistent with such a determination. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.