■ CONSTANCE LAPIANA, Respondent, v EMIL LAPIANA, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Westchester County, dated May 5, 1978, which directed that he pay petitioner $50 per week support and a counsel fee of $750. Order reversed, on the law, without costs or disbursements, and petition dismissed. The Family Court did not have jurisdiction to entertain the petition herein because there was pending a Supreme Court action brought by petitioner for a separation (see Family Ct Act, § 464; *Matter of Lo Casto v Lo Casto,* 45 AD2d 712; see, also, CPLR 3217; *Matter of Lopez v Lopez,* 63 Misc 2d 252; *McKay v McKay,* 82 Misc 2d 929). The record did not justify application of the public assistance exception (see *Matter of Lopez v Lopez, supra; McKay v McKay, supra).* Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.

■ MERCHANTS BANK & TRUST COMPANY, Respondent, v BRICKOTE, INC., et al., Appellants.—In an action on promissory notes, defendants appeal from an order of the Supreme Court, Westchester County, entered June 21, 1978, which granted the plaintiff's motion for summary judgment. Order reversed, with $50 costs and disbursements, and motion denied. The affidavit in opposition to the plaintiff's motion for summary judgment raises a triable issue of fact and it was therefore improper to grant the motion. Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.