150

In the Matter of INDUMATI ROY, Respondent, v PRABIR ROY, Appellant.

Third Department, July 3, 1985

APPEARANCES OF COUNSEL

*Ronald R. Benjamin* for appellant.

*Rodney A. Richards* for respondent.

OPINION OF THE COURT

CASEY, J.

The dispositive issue in this appeal is whether Family Court is divested of subject matter jurisdiction over a properly commenced support proceeding when petitioner thereafter commences a matrimonial action in Supreme Court while the support proceeding is pending in Family Court. We hold that the commencement of the subsequent matrimonial action does not

divest Family Court of subject matter jurisdiction and that, therefore, its order of support is not void.

By petition dated December 21, 1983, petitioner sought an order of support pursuant to Family Court Act article 4. Family Court issued a summons, dated December 22, 1983, to respondent. Hearings were held in January and February 1984, resulting in a Family Court order dated February 23, 1984 containing, *inter alia,* a provision directing respondent to make support payments. Meanwhile, on January 27, 1984, petitioner commenced an action for divorce against respondent in Supreme Court.

After entry of the Family Court order, respondent took an appeal, but subsequently withdrew his notice of appeal. He then moved in Family Court to vacate the order of support on the basis of the pending matrimonial action in Supreme Court. Family Court held that it had subject matter jurisdiction of the support proceeding commenced prior to the commencement of the matrimonial action and, therefore, denied the motion. We affirm.

Family Court is, of course, a court of limited jurisdiction (*Kleila v Kleila,* 50 NY2d 277, 282). As such, it has the power to entertain only those applications that are specifically enumerated in the State Constitution or in an appropriate statute (*Matter of Mouscardy v Mouscardy,* 63 AD2d 973, 975). The Constitution vests Family Court with original jurisdiction over proceedings for "the support of dependents except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage" (NY Const, art VI, § 13 [b] [4]). In such actions, Family Court is granted the power to determine applications for temporary or permanent support upon referral by the Supreme Court (NY Const, art VI, § 13 [c]). Family Court Act article 4 contains substantive and procedural rules which govern support proceedings. Family Court Act § 411 provides that Family Court "has exclusive original jurisdiction over proceedings for support" under article 4, although the word exclusive does not affect the power of the Supreme Court, a court of general jurisdiction (*Kagen v Kagen,* 21 NY2d 532). Family Court Act § 464, entitled "Effect of pendency of action for divorce, separation or annulment on petition for support of a spouse", authorizes the Supreme Court to refer to Family Court an application for temporary or permanent support in a matrimonial action and grants Family Court jurisdiction to entertain such an application upon such referral (Family Ct Act § 464 [a]). The statute also empowers Family Court to entertain petitions for support during the

pendency of a matrimonial action, in the absence of a Supreme Court order of referral, if the spouse seeking support is likely to become in need of public assistance or care (Family Ct Act § 464 [b]).

The clear import of this constitutional and statutory language is that, in the absence of a Supreme Court order of referral, Family Court lacks jurisdiction to entertain a petition for support during the pendency of a matrimonial action, except where the petitioning spouse is likely to become in need of public assistance (*see, Lapiana v Lapiana,* 67 AD2d 966). The public assistance exception is not applicable herein and there is no Supreme Court order of referral. However, when the support petition was filed, thereby commencing the proceeding (Family Ct Act § 423), no matrimonial action was then pending. Since the filing of the petition is the procedural device that triggers Family Court's jurisdiction over the support proceeding (*Matter of Rensselaer County Dept. of Social Servs. v Cossart,* 38 AD2d 635, 636), that is the relevant point in time for determining whether Family Court has jurisdiction to entertain the petition (*see, McKay v McKay,* 82 Misc 2d 929, 931). Accordingly, since no matrimonial action was then pending, Family Court had jurisdiction to entertain the petition (NY Const, art VI, § 13 [b] [4]; Family Ct Act § 411).

Turning to the question of whether the commencement of the subsequent matrimonial action divested Family Court of the jurisdiction it had when the support proceeding was commenced, our reading of the relevant constitutional and statutory provisions (NY Const, art VI, § 13 [b], [c]; Family Ct Act § 464) reveals no intent, either express or implied, that such divestiture should occur. In contrast, the Criminal Procedure Law expressly provides for divestiture of a local criminal court's jurisdiction by the filing of an indictment (CPL 170.20 [1]). It is also noteworthy that the former Children's Court Act (L 1922, ch 547, § 5 [2], as amended) provided that the jurisdiction of the Children's Court in each county shall be "subject to the jurisdiction of a court of record", but the First Department held that the mere institution of an action in Supreme Court in which the care and custody of the children might eventually be determined did not automatically divest Children's Court of jurisdiction (*Rosenberg v Rosenberg,* 241 App Div 411, 413). We conclude that in the absence of any specific constitutional or statutory provision ousting Family Court of the jurisdiction it had when the proceeding was commenced, Family Court, as the court which first obtained jurisdiction, may continue to exercise jurisdiction (*see, Colson v Pelgram,* 259 NY 370, 375).

The Second Department reached a similar result in *Matter of Fischman v Fischman* (51 AD2d 725) and concluded that since the petitioner commenced the support proceeding in Family Court before the respondent commenced a divorce action in Supreme Court, the strictures of Family Court Act § 464 did not apply (*see also, Matter of Denzer v Denzer,* 56 AD2d 601). The First Department reached a contrary result in *Montes v Montes* (54 AD2d 627), a case where both the petitioner and the respondent commenced divorce actions in Supreme Court after commencement of the support proceeding in Family Court. Lower courts have also gone both ways on this issue (*compare, Matter of LaMonde A. v Leon A. A.,* 111 Misc 2d 781, *with Matter of Jane H. v Phillip H.,* 105 Misc 2d 322). It has been suggested that whether Family Court is divested of its jurisdiction by the subsequent commencement of a matrimonial action in Supreme Court depends upon which party commences the subsequent action (*see, Matter of LaMonde A. v Leon A. A., supra,* pp 782-783). We decline to adopt this point of view, for the constitutional and statutory provisions from which Family Court derives its jurisdiction refer to the type of relief sought and not which party seeks the relief. Rather, we conclude that, irrespective of which party commences the subsequent matrimonial action in Supreme Court, Family Court is either divested of jurisdiction over the pending support proceeding or its jurisdiction continues, and we agree with the Second Department that the strictures on Family Court's jurisdiction over support proceedings do not apply when there is no pending matrimonial action in Supreme Court at the time the support petition is filed.

Our holding herein should not be construed as establishing that the consideration of which party commences the subsequent matrimonial action is a totally irrelevant factor. On the contrary, while that factor has no bearing on whether Family Court has jurisdiction over the pending support proceeding, it is relevant for the purpose of determining whether Family Court should exercise that jurisdiction. Thus, in a proper case, Family Court could decline to continue to exercise its jurisdiction where the petitioner commences a subsequent matrimonial action in Supreme Court on the theory that petitioner's subsequent action constitutes an election of remedies (*see, McKay v McKay, supra*).

As a final matter, we note that on this appeal respondent raises two other issues as to the propriety of the support portion of Family Court's order dated February 23, 1984. Since these issues do not involve the subject matter jurisdiction of Family Court to make the order, respondent's withdrawal of his notice of appeal as to the support order constitutes a waiver of those

objections and he may not raise them in a collateral attack (*see, Matter of Stump v Stump,* 89 AD2d 1029, 1030). Accordingly, the order should be affirmed.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Order affirmed, without costs.