■ In the Matter of SYLVIA WOLINSKY, Respondent, v GEORGE WOLINSKY, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the husband appeals from (1) an order of the Family Court, Queens County (Dolinsky, J.), dated December 18, 1986, which modified a support order of the same court, dated May 20, 1986, by providing that the weekly support payments of $270 be deducted from appellant's income and fixing the arrears at $8,370, (2) an order of the same court, also dated December 18, 1986, directing entry of money judgment in favor of the petitioner in the sum of $8,370, and (3) an income deduction order of the same court, also dated December 18, 1986, providing for deduction of subsequent support payments from the appellant's pension fund.

Ordered that the order fixing arrears at $8,370 is modified, on the facts and as a matter of discretion in the interest of justice, by reducing the amount of the arrears from $8,370 to $6,820; as so modified, that order is affirmed; and it is further,

Ordered that the order directing the entry of a money judgment in the sum of $8,370 is modified, by reducing that amount from $8,370 to $6,820; as so modified, that order is affirmed; and it is further,

Ordered that the income deduction order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Family Court did not err in retaining jurisdiction, notwithstanding the commencement by the appellant of a divorce action in Supreme Court, since the appellant produced no evidence that the Supreme Court action was pending at the time the Family Court support proceeding was commenced (see, Matter of Roy v Roy, 109 AD2d 150; Matter of Fischman v Fischman, 51 AD2d 725).

Under the circumstances of this case, the Family Court should not have included in the judgment for arrears the amount of the support representing the mortgage payments. The record indicates that the appellant had been making these payments up to the time of the initial support order dated May 20, 1986, and the petitioner produced no evidence at the hearing on that initial order or at the hearing on the violation petition that the appellant at any subsequent time ceased making these payments. Furthermore, when the appellant's attorney sought to present documentary evidence that the appellant had made the mortgage payments after the order dated May 20, 1986 was entered, the court precluded her from doing so. Under these circumstances, while the appellant's failure to pay these sums directly to the petitioner as required by the order dated May 20, 1986, was sufficient reason for the court to order an income deduction for subsequent payments, it did not justify the entry of a judgment for arrears in mortgage payments. Accordingly, the judgment should be reduced by $1,550, the amount which represented the mortgage payments. This modification is, however, without prejudice to any subsequent judgment for arrears, should petitioner demonstrate that the mortgage payments have actually not been made.

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.