■ In the Matter of JAMES P. W., Respondent, v EILEEN M. W., Appellant.—In a proceeding pursuant to Family Court Act article 6 to obtain custody of the parties' infant daughter, the appeal is from an order of the Family Court, Nassau County (Cohen, J.), entered March 28, 1986, which awarded the petitioner husband custody of the infant, and provided that the appellant wife have supervised visitation.

Ordered that the order is affirmed, without costs or disbursements.

Initially, we note that the Family Court was not divested of jurisdiction by the subsequent commencement of a matrimonial action in the Supreme Court during the pendency of this Family Court proceeding *(see,* Family Court Act § 651 [b]; *Matter of Roy v Roy,* 109 AD2d 150; *Matter of Denzer v Denzer,* 56 AD2d 601; *Matter of Fischman v Fischman,* 51 AD2d 725; *but see, Matter of Poliandro v Poliandro,* 119 AD2d 577, appeal dismissed 68 NY2d 908).

The wife's further contention that the hearing court erred in awarding custody of the parties' infant daughter to the husband, and in providing that she have supervised visitation with the child, is also rejected. The forensic evaluation and hearing testimony indicated that the wife was a manic-depressive, suffering from bipolar mental illness, and that she frequently stopped taking the lithium prescribed for her. The court-appointed psychiatrist testified that the wife should have only supervised visitation and the wife's own psychiatrist concurred, testifying that the wife should have only supervised visitation until after she had taken her medication for at least six months. Furthermore, during the hearing, the court observed that the wife's behavior was erratic and that she showed little self-control.

Under the circumstances, we find that the trial court's determination that the husband was the more appropriate custodial parent was proper. While we are not unsympathetic to the wife's plight, we are nonetheless "commanded by law and by sound considerations of policy to resolve custody disputes, not out of sympathy for the circumstances of the parent, but out of concern for the best interest and welfare of the child" *(see, Thomas J. D. v Catharine K. D.,* 79 AD2d 1015, 1017, *appeal dismissed* 53 NY2d 797).

Finally, we find no basis in the record for disturbing the trial court's determination concerning supervised visitation *(cf., Thomas J. D. v Catharine K. D.,* 87 AD2d 602). Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.