■ Kenji Tozaki, Appellant, v Aili W. Tozaki, Respondent. —Order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about November 7, 1989 which, *inter alia,* directed plaintiff to pay to defendant approximately $90,000 per year in temporary maintenance, child support and related expenses plus $5,000 interim attorney's fees, unanimously affirmed, without costs.

Order of the same court, entered May 8, 1990 which, *inter alia,* denied plaintiff's motion for downward modification of temporary maintenance and child support and elimination of arrears, directed plaintiff to post $5,000 in security to ensure compliance with the prior interim order, awarded defendant $3,000 in additional counsel fees and a money judgment for $17,313 plus costs and disbursements, and stayed plaintiff from further prosecution of the divorce action until all support arrears and payments directed in the later order were paid, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of directing that the divorce action proceed expeditiously to trial and, except as so modified, affirmed, without costs.

Plaintiff's argument that the Supreme Court had no jurisdiction to issue interim support orders in this divorce action is without merit. When the Supreme Court orders were entered, the Family Court had already dismissed the defendant's petition in deference to the later action for divorce filed in the Supreme Court. Since there was no action pending in the Family Court when the Supreme Court issued its orders, the Supreme Court clearly had jurisdiction *(see, Montes v Montes,* 54 AD2d 627). *Matter of Wolinsky v Wolinsky* (133 AD2d 768) and *Matter of Roy v Roy* (109 AD2d 150), relied upon by plaintiff, are distinguishable in that the Family Court in those cases held hearings and issued support orders and did not relinquish jurisdiction, as the Family Court did in the instant case.

We are unable to determine, on the record presented, that the amounts which plaintiff was directed to pay for temporary

maintenance and child support were excessive in view of what the court reasonably determined plaintiff could earn by his honest efforts *(Hickland v Hickland,* 39 NY2d 1, 5-6, *cert denied* 429 US 941). The most effective means of resolving the parties' dispute over the amounts awarded for temporary maintenance and child support is to conduct a prompt trial where a more accurate appraisal of the facts may be obtained *(Sayer v Sayer,* 130 AD2d 407). We accordingly modify the order entered May 8, 1990 to direct an expeditious trial, and otherwise affirm. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.