■ MARIANA RAMIREZ, Appellant, v GILBERTO RAMIREZ, Respondent.—In a support proceeding pursuant to Family Court

Act article 4, the petitioner appeals from an order of the Family Court, Queens County (Lauria, J.), dated August 15, 1989, which denied her objections to an order of the same court (Waltrous, H.E.), dated June 23, 1989, which, in effect, dismissed her motion, *inter alia,* (1) to vacate an order of the same court, dated March 2, 1988, which upon the parties' stipulation of discontinuance, *inter alia,* vacated a prior order of the same court, dated September 25, 1986, awarding the petitioner unallocated maintenance and child support, (2) to reinstate the order dated September 25, 1986, and (3) for leave to enter a money judgment for arrears in unallocated maintenance and child support.

Ordered that the order is affirmed, without costs or disbursements.

Under the circumstances herein, the Family Court properly upheld the Hearing Examiner's refusal to consider the petitioner's application. While the Family Court had both subject matter jurisdiction and in personam jurisdiction over the respondent *(see, e.g., Matter of Wolinsky v Wolinsky,* 133 AD2d 768; *Matter of Roy v Roy,* 109 AD2d 150, 152; *Matter of Denzer v Denzer,* 56 AD2d 601; *Oster v Oster,* 54 AD2d 584), the Family Court was not required to exercise that authority *(see, Matter of Roy v Roy, supra,* at 152). The Hearing Examiner did not deny the petitioner's application on the merits. Rather, she indicated that she would not consider the application while a matrimonial action was pending between the parties in the Supreme Court, absent a referral from the Supreme Court. Under the circumstances, we find no basis to disturb the Family Court's exercise of discretion in refusing to consider the petitioner's application at this time *(see, Matter of Doe v Doe,* 50 Misc 2d 255; *"Varney" v "Varney",* 178 Misc 165; *see also, Lanzatella v Lanzatella,* 121 Misc 2d 876). Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.