■ In the Matter of PAULA LACARRUBBA, Respondent, v GARY LACARRUBBA, Appellant. [603 NYS2d 335] —In a child custody proceeding pursuant to Family Court Act article 6 and a related family offense proceeding pursuant to Family Court Act article 8, the husband appeals from (1) an order of the Family Court, Nassau County (Balkin, J.), entered December 24, 1991, which awarded the petitioner wife custody of the parties' three children and provided that the husband have supervised visitation, and (2) an order of the same court, dated June 15, 1992, which dismissed the husband's petition to modify the order entered December 24, 1991, on the ground, *inter alia,* that the husband had not adequately demonstrated a change in circumstances warranting joint custody and unsupervised visitation, which he sought in his petition.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court was not divested of jurisdiction over the matters of custody and visitation by the subsequent commencement of a matrimonial action in the Supreme Court during the pendency of the Family Court proceeding *(see,* Family Ct Act § 651 [b]; *Matter of James P. W. v Eileen M. W.,* 136 AD2d 549, 550; *cf., Matter of Poliandro v Poliandro,* 119 AD2d 577). We further note that review by this Court of the husband's appeal from the order entered December 24, 1991, is not precluded on the ground that the order was entered into upon consent of the parties; nowhere in the order is it stated that the order was entered on consent *(cf., Goodman v Goodman,* 150 AD2d 636; *Bahr v Bahr,* 105 AD2d 725).

We find that the Family Court's determination that the petitioner wife was the more appropriate custodial parent was proper *(see, Matter of James P. W. v Eileen M. W., supra).* Further, we find no basis in the record for disturbing the court's determination concerning supervised visitation *(see, Matter of James P. W. v Eileen M. W., supra; Thomas J. D. v Catharine K. D.,* 79 AD2d 1015, 1017).

Finally, the Family Court properly dismissed the husband's petition for modification of the aforementioned order, inasmuch as he failed to sufficiently demonstrate a "change in circumstances" warranting his request for joint custody of the parties' children (see, Domestic Relations Law § 240 [1]; see also, Sorrentino v Sorrentino, 122 AD2d 604; Matter of Sooy v Sooy, 101 AD2d 287, 288-289, affd sub nom. Matter of Louise E. S. v W. Stephen S., 64 NY2d 946). Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.