■ In the Matter of SHELLY RUBENSTEIN, Respondent, v TUVIA B. S. YOSEF, Appellant. [603 NYS2d 336] —In a proceeding pursuant to Family Court Act article 4 to enforce a prior order granting child support, issued on consent of the parties, the father appeals from an order of the Family Court, Kings

County (Pearce, J.), dated December 18, 1989, which denied his objections to an order of the same court (Grosvenor, H.E.), dated July 27, 1989, directing him, after a hearing, *inter alia,* to (1) continue to pay child support in the amount of $30 per week, and (2) pay child support arrears of $4,170 within 60 days.

Ordered that the order is affirmed, with costs.

We find unpersuasive the father's contention that the Family Court lacked jurisdiction to issue the underlying order of support by reason of the pendency of a matrimonial action between the parties in the Supreme Court, Kings County. The record on appeal prepared and submitted by the father fails to refute the mother's claim that the prior divorce action was discontinued, and the father's conduct in consenting to the order of the Family Court granting child support, and in subsequently commencing his own divorce action in the Supreme Court, supports the mother's assertion. Accordingly, the father has failed to adduce adequate evidence demonstrating "that the Supreme Court action was pending at the time the Family Court support proceeding was commenced" *(Matter of Wolinsky v Wolinsky,* 133 AD2d 768, 769).

Similarly unavailing is the father's claim that the instant enforcement proceeding was barred by the pendency of the divorce action which he commenced. While the existence of a pending matrimonial action may divest the Family Court of jurisdiction to entertain a new proceeding for child support or custody *(see, Matter of Poliandro v Poliandro,* 119 AD2d 577; *Lapiana v Lapiana,* 67 AD2d 966), the proceeding herein was one to enforce an existing child support order which preceded the commencement of the father's divorce action. Hence, in the absence of a superseding order issued in the Supreme Court action, the Family Court was free to consider the mother's enforcement petition.

Finally, the father claims that his support obligation was terminated by a temporary change in the child's custody from the mother to him. We disagree. The order temporarily transferring custody contained no provision regarding support. Thus, the father's support obligation was not terminated pursuant to Family Court Act § 462. Moreover, since the father never sought a court order relieving him of his obligation to pay child support while the child was in his custody, he is responsible for the support arrears which accrued during that period *(see,* Family Ct Act § 451; *see generally, Riseley v Riseley,* 173 AD2d 1103; *Miller v Miller,* 160 AD2d 912;

*Johnston v Johnston,* 115 AD2d 520). Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.