■ In the Matter of CHRISTINE C., Respondent, v ANGELO C., Appellant. [621 NYS2d 678] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals

from an order of the Family Court, Queens County (Fitzmaurice, J.), dated May 5, 1992, which dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

We find unpersuasive the father's contention that the Family Court erred by dismissing the present custody proceeding upon learning that the parties had been simultaneously litigating a matrimonial action in the Supreme Court which, only two weeks earlier, had culminated in a determination of the custody and visitation issues. The record before us contains no evidence regarding whether the matrimonial action was pending when this custody proceeding was commenced. Hence, we are unable to determine whether the Family Court did not have jurisdiction to entertain this proceeding *(see, Matter of Poliandro v Poliandro,* 119 AD2d 577; *Lapiana v Lapiana,* 67 AD2d 966; *cf., Matter of Lacarrubba v Lacarrubba,* 198 AD2d 354; *Matter of Rubenstein v Yosef,* 198 AD2d 359; *Matter of James P. W. v Eileen M. W.,* 136 AD2d 549; *Matter of Wolinsky v Wolinsky,* 133 AD2d 768; *Matter of Roy v Roy,* 109 AD2d 150).* However, even if we assume that the Family Court did have jurisdiction, the record overwhelmingly supports its discretionary determination to decline to exercise its jurisdiction in this case *(see generally, Matter of Roy v Roy, supra,* at 153). Indeed, the Family Court accurately observed that the parties had behaved disingenuously by failing to advise it that they were simultaneously litigating a matrimonial action that also concerned the issues of custody and visitation. In view of this improper behavior and the determination of those issues by the Supreme Court, we discern no improvident exercise of discretion in the Family Court's dismissal of this proceeding *(see generally, Ramirez v Ramirez,* 171 AD2d 784). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.