*915 OPINION OF THE COURT
David F. Jung, J.
The Petitioner moves to dismiss the above petitions pursuant to CPLR 3211 (a) (2) and (4), alleging there is a pending matrimonial action in the Supreme Court of Fulton County. The petitioner further requests that a previous order of the Family Court resulting from proceedings held subsequent to the commencement of the matrimonial action be vacated pursuant to CPLR 5015 (a). The respondent has filed an affirmation in opposition and a letter memorandum citing case law. Incredibly, the children’s Law Guardian has not submitted anything, leaving the children unrepresented.
The motion is denied for the reasons set forth herein.
It is of assistance to briefly outline the history of the instant case before the Family Court. The petitioner and respondent first appeared before the Family Court as the result of a custody petition and a family offense petition filed by the petitioner on June 9, 1998. Orders of the Family Court regarding custody dated July 20, 1998, an order of protection dated July 20, 1998, and an order of support dated September 26, 1999 for the parties’ children resulted. Petitions were filed over the next two years by petitioner, respondent and the Law Guardian of the parties’ children alleging violations of the orders of protection and custody. Against this backdrop, the most recent flurry of legal activity unfolds. The respondent filed four petitions, pro se, on October 16, 2000 alleging various violations of the May 18, 2000 order of custody, as well as requesting a modification of that order of custody. The respondent specifically enumerated in his modification petition, paragraph number seven, that there has not been any other petition for custody/visitation of the child(ren) named above except “one other [sic] modification and three violations today.” The petitioner’s attorney filed a violation petition and a modification petition with this Court on December 14, 2000. The petitioner’s petitions fail to set forth an affirmative allegation that there is no pending proceeding requesting the same or similar relief.[1] The court arraigned the parties on the respective petitions and scheduled further proceedings, including an evidentiary trial for March 29, 2001. The respondent thereafter obtained counsel who brought to the Court’s attention, for the first time, that the petitioner, Ms. Moore, had commenced a matrimonial action in Supreme Court by the filing of a summons with notice in the Fulton County Clerk’s Office on February 2, 2000 and service of same upon the defendant, Mr. Moore, *916 on February 7, 2000. A notice of appearance and demand for complaint was entered by the defendant on February 25, 2000. Nothing was done thereafter to prosecute the action.
The failure of the parties’ previous attorneys of record to inform the Court of the pending matrimonial action, prior to entering into the May 18, 2000 modification order, has resulted in the motion before this Court. While this Court acknowledges that the present attorneys of record in the Family Court proceeding are not those of record in the pending matrimonial action, there remains the duty of an officer of the Court, as well as an advocate for one’s client, to preserve judicial and client resources by ascertaining whether another action or proceeding seeking similar relief exists and, if so, informing the Court thereof.
The petitioner incorrectly asserts that the pending Family Court petitions should be dismissed upon the CPLR 3211 (a) (4) ground that there is another action pending between the same parties for the same cause of action in a court of any state of the United States, to wit: the action for divorce filed in February of 2000. Notwithstanding that the Court finds the petitioner herein waived the obj ection/defense by failing to comply with the time limitations set forth in CPLR 3211 (e), which require the motion to dismiss to be made prior to the service of responsive pleadings, this Court finds that both suits do not arise out of the same actionable wrong or series of wrongs, and therefore are not “the same cause of action” to predicate dismissal upon CPLR 3211 (a) (4) grounds.
The petitioner further asserts that the Court should dismiss the pending Family Court petitions pursuant to CPLR 3211 (a) (2) as the Family Court lacks subject matter jurisdiction over the pending petitions due to the prior commencement of an action for divorce.
If the Court had no subject matter jurisdiction as a result of the matrimonial action commenced on February 2, 2000, then any determination made by Family Court subsequent to that date would be void ab initio. Such a conclusion by this Court cannot be reached as it would lead to absurd results and potential harm not only to the children affected in the case before this Court, but to the many others caught in a like circumstance.
The word jurisdiction has created difficulty for lawyers, judges and litigants alike for at least 100 years in this country and undoubtedly much longer than that. Black’s Law Dictionary (855 [7th ed]) contains a definition of jurisdiction, and *917 then lists 47 types of jurisdiction, including concurrent jurisdiction and subject matter jurisdiction. Concurrent “jurisdiction is jurisdiction exercised simultaneously by more than one court over the same subject matter and within the same territory, with the litigant having the right to choose the court in which to file the action.” (Id.) Subject matter jurisdiction is “jurisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things.” (Id. at 857.)
Undoubtedly, Family Court has subject matter jurisdiction over the issues of custody, support and family offenses. Family Court shares or has concurrent jurisdiction over the issues of custody and support with Supreme Court and has concurrent jurisdiction with Supreme Court and criminal courts over family offenses. By way of example, Family Court has no subject matter jurisdiction (or phrased differently, competence) to entertain a boundary line dispute between neighbors. Should it do so, even with the stipulation of the parties and their attorneys, a resulting judgment or order would be a nullity. However, if two or more courts have the competence to hear and determine an issue, then the question is one of exercise of power rather than ability to exercise power. Other principles must then be applied in order to ascertain which court should hear the matter and exercise its power to grant a remedy. That is why we often employ such phrases as, “the same matter should not be litigated in two or more courts at the same time,” and “judicial economy requires consolidation of all issues in one court when they are pending in various courts.”
It would seem that some of the difficulty encountered by the bench and bar has resulted from the poor draftsmanship employed when the Family Court was established. Article VI, § 13 (b) of the New York State Constitution states: “The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law * * * (2) the custody of minors except for custody incidental to actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage.”[2] (Emphasis added.)
To make sense of the constitutional grant of power to the Family Court, reference should also be made to the Family *918 Court Act itself and particularly sections 114, 115, and 651. Sections 114 and 115 refer to exclusive original jurisdiction in a manner that does not comport with the usage of that expression as defined in Black’s Law Dictionary nor with any other reasonable interpretation of that phrase, since the disclaimer is added that “The provisions of this act shall in no way limit or impair the jurisdiction of the supreme court as set forth in section [7] of article [VI] of the constitution of the state of New York.” Consequently, the jurisdiction of Family Court is neither exclusive nor original, but rather, concurrent. It would have been helpful had the Legislature so defined jurisdiction in the Constitution and in the Family Court Act. An attempt at plain language was made by the Legislature in section 651 of the Family Court Act, which states: “(b) When initiated in the family court, the family court has jurisdiction to determine, in accordance with subdivision [1] of section [240] of the domestic relations law and with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody or visitation of minors.”
Phrased differently, and more simplistically, this Court finds that the New York State Constitution and Family Court Act confer subject matter jurisdiction over the issue of custody of minors concurrently with the Supreme Court, but that, initially, a custody proceeding shall be originated in the Family Court, unless custody is incidental to an action for separation, divorce or annulment, in which event it may be initiated in Supreme Court.
As with any other action or proceeding, once it is determined that one or more courts have subject matter jurisdiction, i.e., competence or power, then other principles must be applied to ascertain which court should exercise the power and which should not. Hence, rules for consolidation, referral and removal from one court to another have been established to avoid multiplicity of suits in various courts and the likelihood of inconsistent results if matters were simultaneously litigated in different courts. Those devices are a matter of pleading and have nothing to do with subject matter jurisdiction and should not be confused with same, although this Court finds such confusion to exist with disturbing frequency.
*919 If this Court followed the reasoning of petitioner in the motion before it, a position also espoused by some courts, including various departments of the Appellate Division, then orders rendered by the Family Court, subsequent to the commencement of the divorce action, would have been for naught. As an abstract proposition that may be logical, but in reality the effect could wreak havoc on a family’s physical and financial structure and, most importantly, could be and most likely would be, inimical to the best interests of children. One can foresee, with little difficulty, the tremendous impact that such sophistic reasoning would have if applied to real-world situations. Suppose, as in the instant case before the Court, a matrimonial action was commenced by the filing of a summons with notice, and nothing more was ever done to prosecute that action. One could stretch the point further by assuming that the defendant was never served and hence, never knew about the action. Assuming further that the parties had infant children, and that over a period of the next 10 years many proceedings were initiated in Family Court dealing with paternity, custody, and support, both for the children and a spouse, all of which led to court orders, some of which were adhered to and some not. Perhaps a few family offense petitions were also filed during that same 10-year period, some of which led to orders, violations of orders, and incarcerations. Ten years after the commencement of the divorce, one of the parties hires an astute attorney who, thereafter, convinces the court, by way of motion, to vacate all orders and judgments because a divorce action had been commenced 10 years ago, perhaps without the knowledge of the defendant, and the existence of which was never disclosed to the Family Court in any pleading or other notification. The absurdity of such a result is beyond comprehension and could not have been contemplated by the Legislature when the constitutional provisions pertaining to the Family Court Act and the Family Court Act itself were created. More likely, as with most legislation, the concept of a Family Court in New York State was the result of negotiation and compromise, which was then placed in the hands of scriveners to draft the legislation that was passed into law. It is obvious from the extant statutes and constitutional provisions, as amended, that a segment of the Legislature desired to actually grant a very real exclusive original jurisdiction over certain matters, including custody and support, to the new Family Court. It is also clear that another segment of the Legislature wanted to ensure that nothing was taken from the power of *920 Supreme Court. Hence, the peculiar provisions of the Family Court Act which speak of original exclusive jurisdiction in fact create nothing of the sort. What was created is concurrent jurisdiction, and had that clear language been employed, confusion would not continue to date.
Consequently, this Court agrees with the rationale set forth in Lacks v Lacks (41 NY2d 71), Burnet v Desmornes (226 US 145), Hessen v Hessen (37 AD2d 778), and Dean v Crane (183 Misc 2d 255), and respectfully disagrees with the rationale set forth in Matter of Poliandro v Poliandro (119 AD2d 577), Millard v Millard (44 AD2d 812), and Matter of Roy v Roy (109 AD2d 150).[3]
By way of recapitulation, if another action or proceeding is pending for the same relief in a different court at the time of the initiation of a similar action or proceeding in a court also having competence to hear and determine the matter, then it is the obligation of a party to raise that issue by pleading or motion. Failing to do so in a timely fashion will result in a waiver.
Consequently, as Family Court has concurrent subject matter jurisdiction, and since no request for judicial intervention has been made in Supreme Court, essentially leaving the matrimonial action dormant, the motion is denied, and all matters will proceed to trial or other disposition.

. The official forms no longer contain a boiler plate assertion claiming no other action or proceeding pending.

. It is interesting to note that the provision pertaining to custody, from the enactment of the Family Court Act on November 7, 1961 to November 6, 1973, stated: “(2) The custody of minors except for custody incidental to actions and proceedings for marital separation, divorce, annulment of marriage *918 and dissolution of marriage or except for custody in habeas corpus proceedings.”

. The disagreement is not necessarily with the result reached in these cases, but with the proposition that Family Court lacks, or is divested of, subject matter jurisdiction to entertain a petition for custody or support after the commencement of a matrimonial action in Supreme Court.