In the Matter of CHRISTOPHER FALLON, Respondent, v SUSAN FALLON, Appellant. [771 NYS2d 381]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so

much of an order of the Family Court, Suffolk County (Lynaugh, J.), entered August 11, 2003, as awarded custody of the parties' children to the father.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Family Court was not divested of jurisdiction over the custody matter by the subsequent commencement of a matrimonial action in the Supreme Court during the pendency of the Family Court proceeding (*see* Family Ct Act § 651 [b]; *Matter of Lacarrubba v Lacarrubba,* 198 AD2d 354 [1993]; *Matter of Rubenstein v Yosef,* 198 AD2d 359 [1993]; *Matter of James P.W. v Eileen M.W.,* 136 AD2d 549 [1988]). In addition, the mother waived her personal jurisdiction objection by actively participating in the custody hearing (*see Matter of Brozzo v Brozzo,* 192 AD2d 878 [1993]).

Further, the Family Court's determination to award custody to the father was supported by a sound and substantial basis in the record. A reading of the court's decision reveals that it carefully considered numerous factors commonly recited as being of significance in determining what is in the children's best interests, including parental guidance, abduction, or defiance of legal process, the ability of each parent to provide for the children's emotional and intellectual development, the financial status and ability of each parent to provide for the children, and the overall relative fitness of the parents (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Matter of Garvin v Garvin,* 176 AD2d 318 [1991]). According more weight to the father's testimony than to the mother's, a credibility determination with which we see no basis on this record to interfere (*see Ferraro v Ferraro,* 257 AD2d 596 [1999]), the Family Court concluded that the mother's animosity toward the father and her attempts to exclude him from his children's lives were harmful to the children and rendered her the less fit parent (*see Miller-Presutti v Presutti,* 257 AD2d 562 [1999]; *Matter of Rebecca B.,* 204 AD2d 57 [1994]). Exercising our independent review, we find that the Family Court's determination is supported by a sound and substantial basis in the record.

Finally, the Family Court providently exercised its discretion in denying the mother's request for forensic evaluations (*see Kaplansky v Kaplansky,* 212 AD2d 667 [1995]). Under the circumstances of this case, it is unnecessary to remit the matter to the Family Court for the appointment of a law guardian (*see Engeldrum v Engeldrum,* 306 AD2d 242 [2003]; *Matter of Farnham v Farnham,* 252 AD2d 675 [1998]). Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.