Matter of James A.T. v Denise M.T. (2004 NY Slip Op 24155)

Matter of James A.T. v Denise M.T.

2004 NY Slip Op 24155 [3 Misc 3d 1064]

May 13, 2004

Family Court, Orange County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 21, 2004

[*1]
In the Matter of James A.T., Petitioner,
v
Denise M.T., Respondent.
Family Court, Orange County, May 13, 2004

APPEARANCES OF COUNSEL

Larkin, Axelrod, Trachte & Tetenbaum, LLP, Newburgh (William J. Larkin, III, of counsel), for respondent. Carla Wise, Goshen, for petitioner. Children's Rights Society, Inc., Goshen (Michelle Stevenson of counsel), Law Guardian.

{**3 Misc 3d at 1065} OPINION OF THE COURT

Carol S. Klein, J.

Facts

A petition was filed in August of 2002, by James T., seeking an order of custody of two children, John T., born September 4, 1995, and Jacob T., born February 13, 1998. The matter came on to be heard before this court on January 28, 2003, at which time the parties entered into a stipulation whereby the parties agreed to share joint and physical custody of the two boys. A schedule of custodial time was outlined in an order signed by this court on March 4, 2003. In addition, the order of this court contained a decretal paragraph that required Denise T. to remain in close proximity of the prior marital home, to wit, a 10-mile radius, otherwise she would be responsible for all transportation of the children. The parties further provided for the children to remain in the Pine Bush School District; that the mother would have final decision making authority so long as she did not relocate beyond the 10-mile radius; and that the father would have the right to petition a court of competent jurisdiction should the mother make a decision he believes adverse to the children's interest (if the mother does not relocate beyond the 10-mile radius).
Subsequent to the entry of the order of March 4, 2003, each party filed a petition seeking to enforce the terms of that prior order. Ms. T.'s petition (docket No. V-05067-5068-02/03A) was settled and Mr. T.'s petition (docket No. V-05067-5068-02-03B) was withdrawn since issues were settled under the prior docket. Ms. T.'s attorney was to submit a settled order for signature by October 16, 2003. At this time, however, no order has been submitted. A third petition was filed by Mr. T. with this court on November 10, 2003 seeking to modify the prior order of this court.
Mr. T. asserts that Ms. T. did relocate outside the 10-mile radius. Moreover, he alleges that the commuting is taking its toll on the children who are being transported back and forth at such an early morning time that they go back to sleep in the morning once arriving at their destination.
The parties appeared before the court for a preliminary proceeding and Ms. T. denied the allegations contained in the petition. An updated forensic evaluation was performed and the matter is currently scheduled for trial on May 28, 2004.
[*2]
Respondent Denise T. has now moved this court for an order dismissing the petition on the grounds that there is a pending matrimonial {**3 Misc 3d at 1066}case in Supreme Court. She asserts that this court does not have jurisdiction to proceed since the Supreme Court matter was filed prior to Mr. T.'s November 2003 petition. Attached to respondent's motion is a copy of the summons and complaint pending in Supreme Court, and showing that the summons was filed April 15, 2003 by Mr. T.
The issue facing this court is whether Family Court is divested of jurisdiction to modify its own orders once a divorce is commenced in Supreme Court. Unfortunately, neither petitioner nor the children's law guardians have responded to the instant motion.

Law

In Lapiana v Lapiana (67 AD2d 966 [2d Dept 1979]), the Supreme Court, Appellate Division, held that the Family Court did not have jurisdiction to proceed in a support matter where there was a matter pending in Supreme Court. In Poliandro v Poliandro (119 AD2d 577 [2d Dept 1986]), where the wife commenced a divorce and custody action in Supreme Court and thereafter petitioned Family Court for an order awarding her custody, the Supreme Court, Appellate Division, held that the Family Court did not have jurisdiction to proceed on the custody petition. However, in instances where the matter is pending in Family Court prior to filing in Supreme Court, the Family Court is not divested of jurisdiction. (See, Fallon v Fallon, 4 AD3d 426 [2d Dept 2004].)
In the instant case, the issue is not as clear-cut as the cases cited above. Here there is an existing Family Court order which was entered prior to the commencement of proceedings in Supreme Court. It is undisputed that this court had jurisdiction to proceed and that is a valid Family Court order. The question becomes whether that jurisdiction is now lost due to the intervening divorce action.
Clearly, the ability of this court to enforce its prior orders once a divorce action in Supreme Court is filed is not extinguished. In Rubenstein v Yosef (198 AD2d 359 [2d Dept 1993]), the Supreme Court, Appellate Division, specifically determined that in the absence of a superceding order issued in the Supreme Court action, Family Court was free to consider the mother's enforcement petition. In that case, the Court made clear that the Family Court is divested of its jurisdiction to entertain a new proceeding for child support or custody when a pending matrimonial action is in existence, but where the prior order of Family {**3 Misc 3d at 1067}Court precedes the divorce action, enforcement proceedings may be heard. This court must determine if in fact this same principle applies to modification proceedings.
Two trial level courts have issued decisions that take an interesting look at the jurisdictional limitations of Family Court. For example, in Spenser v Spenser (128 Misc 2d 298 [Fam Ct, Queens County 1985]), the Family Court determined that it had jurisdiction to vacate or modify all prior orders of all courts affecting custody and visitation of the parties' three children. In that case, however, it does not appear that there was a subsequent filing in Supreme Court, pending and in conflict with the Family Court matter.
However, in Moore v Moore (187 Misc 2d 914 [Fam Ct, Fulton County 2001]), the court boldly determined that its jurisdiction was concurrent with Supreme Court in spite of a Supreme Court filing prior to the Family Court filing. The facts of the Moore case are almost on point with the instant case. Prior Family Court orders had been entered. Following the completion of those [*3]proceedings, one party filed in Supreme Court for divorce. One party thereafter filed in Family Court seeking enforcement and modification of the prior orders.
The Family Court Judge in Moore refused to dismiss the Family Court petition on a motion, outlining an extensive history of the case in Family Court and the "absurd" results a determination that it no longer had jurisdiction to proceed would create for the parties. While that particular case has not been reversed by any higher court and although this court was unable to find any higher level precedent which specifically addressed this issue, this court cannot follow Moore as persuasive precedent.
In deciding not to follow Moore, this court has looked to New York Constitution, article VI, § 13 from which the Family Court gets its enabling power. That constitutional provision provides in relevant part:
"c. The family court shall also have jurisdiction to determine, with the same powers possessed by the supreme court, the following matters when referred to the family court from the supreme court: habeas corpus proceedings for the determination of the custody of minors; and in actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage, applications to fix temporary or permanent support and custody, or applications to enforce judgments and orders of support{**3 Misc 3d at 1068} and of custody, or applications to modify judgments and orders of support and of custody which may be granted only upon the showing to the family court that there has been a subsequent change of circumstances and that modification is required." (Emphasis added.)
What the court in the Moore case failed to take into consideration was the provision in that section that provides as follows: "d. The provisions of this section shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of this article." (NY Const, art VI, § 13 [emphasis added].)
Further, in the Moore case, the court ignored the issue of determining whether or not a modification petition commences a new proceeding or simply continues a prior one. That determination is an issue this court has addressed. Based upon the constitutional language set forth herein, and findings in analogous case law, it must be determined that a modification petition commences a new proceeding and does not continue a prior proceeding. Accordingly, it cannot be entertained once a Supreme Court action has been commenced.
This principle has been specifically delineated in the context of support modifications and should apply to custody as well. For example, in Matter of Helen B. v Joseph D.S. (3 Misc 3d 621 [Fam Ct, Monroe County 2004]), the Support Magistrate permitted service by mail of a modification petition under the provisions of Family Court Act § 443 which, inter alia, state that "[d]ue process requirements for notice and service of process for subsequent hearings are met, with respect to such party, upon sending written notice by first class mail . . . ."
The Family Court reversed the Support Magistrate's order in that case stating that a modification proceeding is not a subsequent hearing but rather a new proceeding, and service by mail was not permissible.

Decision
[*4]
This court agrees that a modification proceeding is not simply a subsequent hearing, but rather constitutes a new proceeding based upon new allegations, facts and circumstances. Since the divorce action was filed prior to filing of the instant modification petition, to proceed would violate the constitutional provision which precludes the Family Court's jurisdiction from impairing or limiting that of the Supreme Court. Accordingly, the matter must be dismissed.{**3 Misc 3d at 1069}
In addition, as stated above, there has been no response from Mr. T.'s counsel or from the law guardian with regard to the respondent's motion. It has long been held that the failure of one to respond to a fact set forth in a motion is deemed an admission. (Kuehne & Nagel v Baiden, 36 NY2d 539 [1975]; see also Firth v State of New York, 287 AD2d 771 [3d Dept 2001], affd 98 NY2d 365 [2002].) The natural result of such an omission when a motion is not opposed would be to grant such motion on default.
Now, therefore, it is hereby ordered that respondent's motion to dismiss is granted; and it is further ordered that petitioner's petition for an order modifying this court's prior order is hereby dismissed; and it is further ordered that all other relief sought in respondent's motion is hereby denied.