■ In the Matter of BRENDAN NORTON, Appellant, v TINA MARIE RUBY, Respondent. [833 NYS2d 909]—In related proceedings pursuant to Family Court Act article 6 to modify a prior or-

der of custody and visitation, dated December 11, 2003, and pursuant to Family Court article 8 alleging a family offense, the father appeals from (1) a decision of the Family Court, Suffolk County (Lynaugh, J.), dated May 4, 2006, (2) an order of the same court, dated May 4, 2005, which, after a hearing, modified the order dated December 11, 2003, by awarding the mother sole custody of the child and granting the father weekly supervised visitation, and dismissed the father's family offense petition, and (3) an order of the same court dated May 4, 2006, which, inter alia, directed the Suffolk Supervised Visitation Program to establish a schedule of supervised visitation between the father and the child.

Ordered that the appeal from the decision dated May 4, 2006 is dismissed, without costs or disbursements, as no appeal lies from a decision (*see* Family Ct Act § 1112 [a]; *Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements.

There is a sound and substantial basis in the record to support the Family Court's determination that there was a sufficient change in circumstances since the parties entered into an agreement concerning custody on December 11, 2003 and that a transfer of sole legal and physical custody of the child to the mother would be in the child's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Sharma v Sharma*, 35 AD3d 746 [2006]; *Pambianchi v Goldberg*, 35 AD3d 688 [2006]; *cf. Matter of Greene v Gordon*, 7 AD3d 528 [2004]; *Matter of Fallon v Fallon*, 4 AD3d 426 [2004]). Accordingly, the Family Court properly modified the agreement and order by awarding the mother sole custody of the child (*see Matter of Sharma v Sharma, supra*).

The father's remaining contentions are without merit. Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.