Matter of Puyi Tam v Lubatkin (2018 NY Slip Op 05850)





Matter of Puyi Tam v Lubatkin


2018 NY Slip Op 05850


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-10581
 (Index No. U-16084-15)

[*1]In the Matter of Puyi Tam, petitioner-appellant,
v
Justin Lubatkin, respondent; Sloane T. (Anonymous), nonparty-appellant.


Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), for nonparty-appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Susan Paulson of counsel), for petitioner-appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the mother and the child separately appeal from an order of the Family Court, Kings County (Sharon A. Bourne-Clarke), dated September 26, 2017. The order granted the respondent's motion to dismiss the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
The mother commenced this proceeding against the respondent, Justin Lubatkin, under the Uniform Interstate Family Support Act, seeking an order of filiation and support. The Corporation Counsel for the City of New York (hereinafter Corporation Counsel) effectuated personal service upon Lubatkin on behalf of the mother both prior to and at the first appearance in the Family Court, Kings County, on October 15, 2015. The copies of the petition served on both occasions, however, omitted four attachments referenced therein. At the first appearance, Lubatkin affirmatively waived jurisdictional defenses. Lubatkin became aware of the apparent defect by October 28, 2015, when his counsel sent a letter to Corporation Counsel requesting some of the missing exhibits. Lubatkin did not receive the exhibits, but he continued to participate in this proceeding for more than a year and a half without raising any objection to the court exercising personal jurisdiction over him. The issue did not emerge until June 30, 2017, when the court sua sponte halted an evidentiary hearing and directed the parties to submit briefs regarding the issue of jurisdiction.
Lubatkin then moved to dismiss the petition by notice dated July 27, 2017. The mother and the child opposed. By order dated September 26, 2017, the Family Court granted the motion. The mother and the child appeal. We reverse.
By affirmatively seeking relief and participating in the proceedings despite his awareness of the defect in service for more than a year and a half, Lubatkin waived his claim that the Family Court did not acquire personal jurisdiction over him (see Matter of Richardson v [*2]Richardson, 80 AD3d 32, 35; Matter of El-Sheemy v El-Sheemy, 35 AD3d 738, 739; Matter of Fallon v Fallon, 4 AD3d 426, 427). The court therefore should have denied his motion to dismiss.
The remaining contentions of the mother and the child either need not be addressed in light of our determination or are not properly before this Court.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court